## M. H. SMITH *v.* IRA C. FOSTER.

*Contract. Book Account. Practice. Pleading. Damages. Parties.*

The defendant contracted with one S. for a daily supply of milk for one year beginning April 1st; S. furnished milk to the defendant until the following August, when he sold out his business to the plaintiff, without the knowledge of the defendant, and the plaintiff thereupon furnished milk to the defendant, until the 1st day of October following, while during all this time the defendant supposed that he was being supplied by S. Upon the plaintiff's demanding payment on said first day of October for the milk that he had theretofore delivered to the defendant, the defendant then first learning that he was being supplied by the plaintiff, refused to pay the plaintiff, unless he would deliver milk the rest of the year as stipulated in the defendant's contract with S. Upon the plaintiff's refusing to do this, the defendant refused to pay him and the plaintiff then brought this action on book for thus supplying the defendant from September 1st to October 1st, 1858. *Held,* that the plaintiff and defendant must be taken to have acted under the contract entered into between the defendant and S.; that is so far as it related to the question of the defendant's obligation to pay the account in question; at least that the defendant had a right to elect so to treat it.

Doubted whether the defendant could insist that the action should have been upon a special contract, where it does not appear that the question was raised before the auditor, or in the county court.

It is no objection to a recovery in an action of book account, that the account accrued under a special contract.

It must be regarded as settled, that in such a case as this, the failure to comply fully with the contract, was no bar to a recovery for what the party had already done under it; and the special contract must be resorted to as a measure of the plaintiff's right in determining the amount of the recovery. But the defendant also has the right to have deducted the amount of damages he has sustained by the wrongful neglect of the plaintiff to perform the contract.

The action was properly brought in the plaintiff's name instead of the name of S.

BOOK ACCOUNT. On the auditor's report at the September Term, 1862, KELLOGG, J., presiding, the court rendered a judgment *pro forma* in favor of the defendant.

To the decision of the court in rendering the judgment the plaintiff excepted.

The facts as found by the auditor sufficiently appear in the opinion of the court.

*J. Prout,* for the plaintiff.

I. The action is an equitable one, and raises the question upon the special circumstances reported,— to whom does the money belong? So far as the contract entered into between Southwick and the defendant was performed during the period embraced in the plaintiff's account—that is, from August 25th to the 1st of October, 1858—it was fulfilled and performed by the plaintiff, and the defendant's promise to pay was to his benefit. In the absence of an express promise, the law would raise the liability, and in the plaintiff's favor, operating upon the act of the parties by raising the duty to pay; or in other words, it established a privity, and implies a promise or obligation to pay to the party advancing the consideration. In this respect the law accords with the plain, manifest equity of the case.

II. Upon the supposition that Southwick and the defendant made a binding contract for the term of time claimed, in selling out in the way he did, he put himself in a condition which rendered him unable to perform it, and rendered himself liable to the defendant for damages. Even performance by the plaintiff of Southwick's agreement, would not be performance by him. He would then remain liable, unless it was mutually agreed by all parties, that the plaintiff should assume his bargain and Southwick be *discharged,* which is not found in this case.

III. The defendant's damages have been allowed him by the auditor, and he is injured in no way. In this way he is compensated for his loss, if any. The balance belongs to the plaintiff. The following cases are referred to as bearing upon the points involved in this case. *Tuttle* v. *Green,* 10 Vt. 62; *Winslow et al.* v. *Fraser,* 30 Vt. 522; *Maynard et al.* v. *Briggs,* 26 Vt. 94; *Lapham* v. *Green,* 9 Vt. 407; *Coverley et al.* v. *Braynard et Tr's,* 28 Vt. 738; *Hilliker* v. *Loop,* 5 Vt. 116; *Geer* v. *School District,* 6 Vt. 76; Eastman's Digest, sec. 12 p. 59; *Hathaway* v. *Bennett,* 6 Selden, 108.

*W. H. Smith,* for the defendant.

I. The whole case shows that both the plaintiff and the defendant acted under the special contract to the end.

The only remedy then against the defendant is by an action *upon this contract*. The plaintiff is not at liberty to avail himself of the contract as far as it will serve him and then resort to his general action.

II. Here being a *special contract* acted upon by the parties—the law will not *imply* any other. Besides the facts and circumstances disclosed *rebut all implication*. The plaintiff can recover only upon the idea of an *implied* obligation of the defendant *to him*. The action must rest upon a *contract* between the parties—the *consent* of the defendant is *essential*. A *benefit received* by the defendant is not sufficient. Parsons on Con. 8,—371 and notes; *Bartholomew* v. *Jackson*, 20 Johns. 28 ; 1 Selwyn N. P., 72 and notes, 98.

III. This court cannot allow any set off between these parties of damages under Southwick's contract. The plaintiff must recover the whole or nothing. This illustrates the impropriety of allowing any recovery by this plaintiff, and this was the view and claim before the auditor.

IV. This matter should and can only be settled in an action in Southwick's name.

PECK, J. In this case it appears that the defendant and one Southwick entered into a contract on the first day of April, 1858, by which Southwick agreed to supply the defendant daily with milk for his public house for one year from that date, for which the defendant agreed to pay a stipulated price *per* quart payable monthly. Southwick and the defendant acted under that contract agreeably to its terms till August 25th, 1858, when Southwick sold out his business to the plaintiff, who was then informed of this contract, and who by agreement with Southwick was to furnish the defendant under the contract on Southwick's account the remainder of that month, and did so. He also continued to supply the defendant till October 1, 1858. The plaintiff claims to recover in this action on book for thus supplying the defendant from September to October 1, 1858. The defendant supposed during the time this account accrued, that he was being supplied by Southwick under his contract, and

was ignorant of the arrangement between the plaintiff and South-wick, and of the change of proprietorship in the business, and the facts reported show that he had no reason to understand other-wise. On the first day of October, 1858, when the defendant first learned that the plaintiff had purchased the business of Southwick, he was applied to by the plaintiff for payment, whereupon he inquired of the plaintiff if he would agree to supply him the rest of the year on the terms stipulated in the defendant's contract with Southwick, and the plaintiff refused so to agree. For this reason the defendant refused to pay the account, and the plaintiff refused to furnish the defendant any more milk for the reason that the defendant refused to pay the account.

1. Upon the facts found by the auditor the defendant's counsel is right in claiming that the plaintiff and defendant must be taken to have acted under the contract entered into between the defend-ant and Southwick, that is, so far as it relates to the question of the defendant's obligation to pay the account in question. The defendant at least has a right to elect so to treat it. If the plaintiff wished to stand in any better condition than this, it was his duty to have seasonably informed the defend-ant of his purchase of Southwick. The defendant cannot be thus misled to his prejudice. The plaintiff then can have no greater rights than Southwick would have had, had he not sold to the plaintiff and have continued to furnish the defendant as the plaintiff did, and then refuse to supply him any longer.

2. The defendant insists that the action should have been upon the special contract, and that there can be no recovery in this form of action. It is doubtful whether the defendant is at liberty to raise this question here, as it does not appear that the question was raised before the auditor, or in the county court. But however this may be, the fact that the account accrued under a special contract, is no objection to a recovery in this form of action, where, as in this case, the plaintiff seeks to recover the compensation for what he has done under the contract. If the plaintiff can recover at all, he can recover in the action on book. It must also be regarded as settled that in such a contract as this

the failure to comply fully with the contract is no bar to a recovery for what the party has done under it. It is true as claimed by the defendant's counsel, that the plaintiff in such case cannot abandon the special contract entirely and go on an implied contract. The special contract must be resorted to as a measure of the plaintiff's right in determining the amount of the recovery. The defendant alone has the right in such case to have deducted the amount of damages he has sustained by the wrongful neglect of the plaintiff on his part to perform the contract. This is more just than to treat the partial failure as a forfeiture of all that the party has done under the contract, as it compensates the plaintiff only to the extent of the benefit actually received by the defendant. Upon the real merits of the case then the defendant is legally and equitably bound to pay the account in question after deducting the damages he has sustained by the neglect of the plaintiff to fully perform the contract, and there is no valid objection to the form of action.

3. But it is insisted, on the part of the defendant, that the action should have been in the name of Southwick, and that the suit in the name of this plaintiff cannot be maintained. It is true, as already stated, the defendant has a right to insist that, as the original contract was made by him with Southwick, and as he had no knowledge, and no reason to suppose, till after the account accrued, that he was dealing with any one but Southwick, he cannot be made accountable to any one else to his own prejudice. But on the other hand the account in question all accrued after the plaintiff purchased the business of Southwick, the whole consideration moved from the plaintiff, and no one but him has any interest in the demand, and that interest existed at the time the account accrued. In point of fact the plaintiff was dealing with the defendant on his own account, and not on account of Southwick. Although the defendant cannot be subjected to any greater liability by the suit being brought in the name of a party with whom he did not know, and had no reason to suppose he was contracting, that is no reason why the party really in interest when the account accrued may not bring the suit in his own name, if by so doing he deprives the defendant of no right

he would otherwise have in his defence.    No case, perhaps, precisely like this, in its facts, has been decided, yet there are numerous cases the same in principle.    One may deal with another who has a secret partner not known to him at the time, and such partner may join in the suit to enforce collection of the demand, and the defendant has no right to object, unless he is thereby prejudiced.    So too, it has long been settled that when one contracts in his own name, but in fact as agent, without disclosing his agency, the real principal may enforce the contract by an action in his own name against the party who had no knowledge that the plaintiff had any interest in the transaction, if the defendant is not injured by excluding some payment, set-off or other matter of defence.    In such case as in this, the defendant is made liable to one with whom he did not know he was contracting.    This principle allowing the real party in interest to bring the suit in his own name, when the contract is in the name of the agent without the name of the principal being disclosed, is extended to all simple contracts, except promissory notes and bills of exchange, whether the contract is verbal or in writing, and whether the defendant had or had not knowledge that any other person than the party actually making the contract had an interest in it.    So that had Southwick made the contract originally in his own name with the defendant, but in fact as the agent of this plaintiff without disclosing the agency till after the account under it had accrued, the action might be in this plaintiff's name. If so, why not in this case where the plaintiff's interest accrued after the date of the contract, since all the claim that had accrued to Southwick had been paid before the commencement of this suit, and all that the plaintiff seeks to recover is what he delivered in his own behalf.    The only objection in either case is that the defendant is thereby made to account to a party with whom he did not know he was dealing.    This is not a valid objection in the one case, and there is no reason why it should prevail in the other.    The same principle applies to both.    In contracts under seal, bills of exchange and promissory notes, the rule is otherwise, requiring the suit to be in the name of the party having the legal interest on the face of the instrument.    If

it were true, as argued by the defendant's counsel, that by sustaining the suit in the name of this plaintiff, the defendant is deprived of his right to have the damages the auditor has found the defendant sustained by the non-performance of the entire contract by the plaintiff, deducted from the plaintiff's account, the objection would be fatal to the action. But such is not the effect. The defendant has the same right to such deduction as if the action were in the name of Southwick. The defendant's right to such damages is not a *set-off* as assumed in argument, it is a defence *pro tanto* that attaches to the plaintiff's demand in whatever name it is sought to be enforced. The plaintiff is entitled to judgment for the amount of his account deducting such damages.

Judgment reversed, and judgment for the plaintiff, for the smaller sum, reported by the auditor.