CITY OF ST. LOUIS TO USE OF GEORGE J.'DECKER, ASSIGNEE OF URSULA BUOL, ADM'X OF P. BUOL, DEC'D, Respondent, *v.* WILEY RUDOLPH, Appellant.

1. *Jurisdiction—Justices' Courts — Law Commissioner.*—Justices of the peace and the Law Commissioner's Court for St. Louis county have no jurisdiction to enforce a lien upon real estate to secure the payment of a special tax for the improvement of streets and alleys, under the charters and ordinances of the City of St. Louis.
2. *Practice—Parties.*—The assignee of the contractor may sue in the name of the City of St. Louis to his use, under the act of March 6, 1855, p. 25, authorizing a special tax to be enforced by proceedings at law.

*Appeal from St. Louis Law Commissioner's Court.*

*Peacock*, for appellant.

I. The justice's court in which this suit was originally brought had no jurisdiction of the cause of action. It is remarked, first, that justices' courts have no jurisdiction except what is conferred upon them by act of the Legislature. (Williams v. Bower, 26 Mo. 601.) Under the general law, none but courts of record can enforce liens or claims against realty.

The act creating the Land Court, approved December 12, 1855, gives that court exclusive original jurisdiction.

*Gottschalk*, for respondent.

HOLMES, Judge, delivered the opinion of the court.

This was a suit upon a certified tax bill for paving an alley in the City of St. Louis, under an act entitled "An act supplementary to the several acts incorporating the City of St. Louis," approved January 16, 1860, which provided that the contractor for the work, to whom the certified bill should be delivered, when made out and certified by the city engineer, should proceed to collect the same " by ordinary process of law," in the name of the city to his own use. The previous act of March 5, 1855, had provided that " such lien may be enforced by a special tax, levy and sale, or also by proceed-

ings at law. It was not specified in what courts the suits should be brought. The act establishing the St. Louis Land Court (R. C. 1855, p. 1592) gave that court exclusive original jurisdiction " for enforcing every right, claim, demand, or lien," upon real estate. It contained a proviso, that the jurisdiction thereby conferred should " not take away the jurisdiction in like matters conferred on justices of the peace, the Law Commissioner's Court, or Probate Court of said county." The acts defining the jurisdiction of the justices' courts and the Law Commissioner's Court do not confer on them, or either of them, any jurisdiction for enforcing liens upon real estate. The act of 1859, which gave a concurrent jurisdiction in such matters to the St. Louis Circuit Court and Court of Common Pleas, until it was repealed in 1864, did not include the Law Commissioner's Court. At the time when the suit was commenced, these courts only had jurisdiction for enforcing liens against real estate. It would seem to be very clear, that neither a justice of the peace, nor the Law Commissioner's Court, had any jurisdiction of a case of this kind. Ordinary process of law, or process known to the law, must be understood to mean process of law in such courts as have jurisdiction of the parties, and of the subject matter of the action.

It was further objected that the plaintiff Decker, as assignee of the certified tax bill from the administratrix of Paul Buol, deceased, could not maintain the action upon it. It appears that the work was done by him under the contract for the administratrix, and that after it was done, and after the certified bill had been delivered to her, she assigned it to him, and authorized him to receipt for the money in her name. The certified bill was made out to Ursula Buol, administratrix of Paul Buol, deceased; the certified bill recognizes her as the contractor who performed the work, and the mere fact that it describes her as administratrix is immaterial. Her assignment of the bill may be regarded as an assignment of the cause of action, and it vested in him the whole equitable interest in the demand.

He thus became the real party in interest; and we think he may maintain an action in the name of the city to his own use under the special act.

For want of jurisdiction in the court, the judgment will be reversed and the suit dismissed. Judge Wagner concurs; Judge Lovelace absent.