CITY OF ST. LOUIS, TO THE USE OF ALICE SULLIVAN, ADM'X, Respondent, *v.* JAMES CLEMENS, Jr., Appellant.

*Contract — Assignment.*—Where a contract does not stipulate for the personal services, knowledge, skill, and experience of another, but for work which might be done as well by a third person as by the contractor himself in person, such a contract may be assigned, and the assignee may recover upon it. (Leahy v. Dugdale, 27 Mo. 437, affirmed.)

*Appeal from St. Louis Circuit Court.*

Lewis McGrath and William Cahill entered into a contract with the city of St. Louis for grading, curbing, and macadamizing a certain street in St. Louis adjoining defendant's property. This work having been partly finished, the contract was assigned to plaintiff as administratrix of Walter Sullivan, who completed the

same and brought her action upon certified tax bills against defendant for the work.

Defendant, in his answer, set up a counter claim for damages caused to his property by reason of the negligent and unskillful manner in which the work was done.

Upon the trial defendant asked the court to give the following instruction, which was refused:

Ninth instruction. "The defendant is entitled to recover of the plaintiff in this action any amount of damages it may appear from the evidence he has sustained, not to exceed the sum of $2,500, by reason of the manner in which said work was done, or by the want of proper care and caution on the part of the plaintiff in the execution of said work, or which might have been avoided by the use of proper care, diligence, and precaution on the part of said plaintiff, although the work itself may have been done in a skillful and workmanlike manner."

In lieu of which instruction asked by defendant, the court declared the law to be that if the work performed by plaintiff and her assignors, under contract No. 1131, was performed in a skillful and workmanlike manner, according to the terms of said contract and the directions of the city engineer, then the defendant cannot recover of the plaintiff any damages which he may have suffered on account of the making of said street, unless such damages were caused by some act, omission, or negligence, in performance of the work, for which the city of St. Louis would have been responsible in damages to defendant.

*A. M. Gardner*, for appellant.

I. The court erred in admitting the city tax bills as evidence on the part of the plaintiff. These were only admissible under the provisions of the second section of the act supplementary to the act incorporating the city of St. Louis, approved January 16, 1860. (Sess. Acts, 1859–60, p. 383.) The allegations in the petition show that Alice Sullivan was not the contractor. The act referred to only authorizes the issuing of these bills to the contractor, and the suit must be brought for his use alone.

II. Appellant was no party to the contract, nor could he in

any way control or direct the performance of it. He is made liable without his knowledge, consent, or approval of the work done. The proof shows that the party for whose use this suit is brought had no contract with the city, either verbal or written. This extraordinary privilege of suing an outside party, in no way connected with the contract itself, is granted only to the contractor with the city for the work, to whom the bills shall be delivered, who shall proceed to collect in the name of the city to his own use, etc. No provision whatsoever is made in the act for a sub-contractor, assignee, or any other person except the original himself. The act prescribes to whom the certificates shall (not may) issue, and the engineer had no discretion, and could not assume, to do what the law gave him no authority to do. The pretense was that the contract had been assigned to plaintiff, and that she was substituted for McGrath & Cahill. By what authority, or how, a contract of this peculiar character could be assigned, we are not informed, except that it had the sanction of the city engineer.

III. The contract was executory, and therefore not assignable. (Leahy v. Dugdale, 27 Mo. 437.) The money after it was earned, or the certificates after they were issued, might be assigned, but not the contract itself.

IV. The consent of the city engineer to, or approval of, an assignment of the contract, gave it no more force or validity than if it had been the consent or approval of any private citizen.

V. The ninth instruction asked by appellant and refused by the court was based upon the ruling of this court in the case of The City to the use of McGrath et al. v. Clemens, 36 Mo. 467. The counter claim set up in this suit is identical with that in the case referred to, and which the court therein declared, if established, would have been a complete rebuttal of the plaintiff's *prima facie* case. No matter how skillfully and completely the work itself may have been done, yet if either the city engineer in charge of the work or the contractor under him omitted to do anything which common and ordinary care, skill, or attention, would indicate ought to have been done to prevent injury to third parties, or were so careless or negligent in performing the

work that damage resulted therefrom unnecessarily to other parties, then the city as plaintiff is liable, and in common justice ought to be. (City of St. Joseph v. Anthony, 30 Mo. 537; Rochester White Lead Co. v. City of Rochester, 3 Comst. N. Y. 463.)

In the declaration of law made by the court (in lieu of the defendant's ninth instruction, refused), it is admitted that the city would be liable for some acts, omissions, and negligences in the performance of the work; but what distinction the court intended to make is not apparent.

*Jecko & Clover*, for respondent.

I. The corporation is not liable to an action for damages consequential upon the paving and grading of a street, directed by the corporate authority in pursuance of an ordinance authorized by its charter, when the agents of the corporation have executed the powers intrusted to them in a skillful and workmanlike manner.

II. Damages occurring to owners of lots on streets, by reason of the establishing or changing the grades of the streets in improving the same, or by reason that the streets are not improved to a level with the established grades by the municipal authorities, are *damnum absque injuria*. (Taylor v. The City of St. Louis, 14 Mo. 20 ; Radcliff v. Brooklyn, 4 Comst. 195 ; Hatch v. Vt. Cent. R.R. Co., 25 Vt. 49 ; Tate v. Ohio & M. R.R. Co., 7 Ind. 479, 482 ; Commonwealth v. Erie R.R. Co., 27 Penn. 354, 357 ; Porter v. North Mo. R.R. Co., 33 Mo. 128 ; Lambor v. The City of St. Louis, 15 Mo. 611 ; Hoffman v. The City of St. Louis, 15 Mo. 651.)

III. If the work performed by the plaintiff was performed in a skillful and workmanlike manner, according to the terms of the contract and the directions of the city engineer, then the defendant cannot recover of the plaintiff any damages which he may have suffered on account of the making of said street, unless such damages were caused by some act of omission or negligence in performance of the work for which the city of St. Louis would have been responsible in damages to defendant. The facts of

City of St. Louis, to the use of Sullivan, Adm'x, v. Clemens.

this case are not very dissimilar from those in the case of The City of St. Louis to use of George I. Decker, assignee of Ursula Buol, adm'x, v. Wiley Rudolph, 36 Mo. 465.

HOLMES, Judge, delivered the opinion of the court.

This was a suit upon special certified tax bills for grading, curbing, and macadamizing a street in the city. The plaintiff recovered judgment, and the defendant appealed.

The material points may be considered as already determined by the previous decisions of this court in similar cases.

The first ground of error that is relied upon for a reversal was, that the contract with the city was not assignable, and that the plaintiff, as assignee, could not maintain this suit upon the evidence which was offered. This was not one of those contracts which stipulate for the personal services, knowledge, skill, and experience of another. It was for work which might be done as well by a third person as by the contractor himself in person; and it comes within the ruling in Leahy v. Dugdale, 27 Mo. 437. The city did not object to the assignment of the contract, nor to the work as done, but recognized the plaintiff as assignee and the person entitled to receive the tax bills. The plaintiff may be allowed to maintain the suit within the decision in The City v. Rudolph, 36 Mo. 465. The exceptions to the admissibility of the evidence offered turned upon this point, and were not well taken.

The second error complained of related to the defense that the defendant had sustained damage by reason of the negligent and unskillful manner in which the work was done in respect to the surface drainage. The instructions on this subject were sufficiently in accordance with the previous decisions of this court. (City v. McGrath, 36 Mo. 467; City of St. Joseph v. Anthony, 30 Mo. 537.) The rule was more correctly stated in the instruction which was given by the court on this point than in that which was refused for the defendant. The other instructions contain no error for which the judgment should be reversed. The jury has passed upon the weight of the evidence, and we have found no reason for interfering with the verdict.

Judgment affirmed. The other judges concur.