\* PATRICK CUMMINGS *v.* ALONZO C. BLAISDELL.

*Contract.    Parties, Joinder of.    Real and Nominal Parties.*

C. and P. entered into a contract with B. to lay the stone and brick in a building and were to be paid the contract price from time to time as the work progressed. After partly completing the job, by agreement between C. and P. the latter retired from the job leaving C. to finish it. This was with the knowledge and without the objection of B. P. had been paid for all that was due him at the time he left. C. completed the job and was entitled to all that became due on the contract after P. left. *Held,* that C. could recover in his own name alone for the work done after P. left.

In actions upon simple contract, whether verbal or written, the action may be brought in the name of the real party in interest and from whom the consideration moved; but where the action is in the name of one who is the *real,* and not the *nominal* party, the other party may interpose any defense which would be available against the nominal party, which accrues before the real party is disclosed to him.

GENERAL ASSUMPSIT.    The case was referred, and that portion of the report essential to be stated is in substance as follows :

On the 12th day of August, 1867, Alonzo C. Blaisdell of the one part, and Patrick Cummings and Francis Pecor of the other part, entered into a written agreement, duly executed, by which Cummings and Pecor agreed to lay the stone work and certain brick work fully specified, in a block which Blaisdell was about to erect, Blaisdell to furnish the material, and to pay them two dollars and fifty cents per yard for the stone work and five dollars and fifty cents per thousand for the brick work.    Five hundred dollars to be paid in goods out of the said Blaisdell's store, such as the said Cummings and Pecor should want, and the balance to be paid in money at the rate of sixty dollars per week, if the said Cummings and Pecor should require so much.    The contract also provided when the work was to begin and when to be completed.

We find from the testimony that, under this contract, the said Cummings and Pecor commenced work upon said building and continued together upon it until the job was about two-thirds completed, when, by an agreement between Cummings and Pecor, Pecor left the work for Cummings to complete.    This was done with the knowledge and without any objection from Blaisdell.    After the withdrawal of Pecor from the job, all payments made for the same were made to Cummings by Blaisdell, and all negotiations

pertaining thereto were had with him, the said Cummings; and so far ᴜ᷅ᴏ ᴏuch a state of facts would show, Blaisdell acquiesced in the leaving of the work by Pecor, and its being completed by Cummings. We find that Cummings completed the job, and that whatever may be due from Blaisdell for work upon said building is due Cummings, and that Pecor has no interest or right in or to it, as he had been paid in full by Cummings when he left the job.

The balance found unpaid for said work was $335.63, which with interest the referees found due the plaintiff, provided the court should find, as a question of law, that the plaintiff was entitled to recover in his own name.

The court at the March term, 1869, PROUT, J., presiding, rendered judgment *pro forma* on the report for the plaintiff, to which the defendant excepted.

*Edgerton & Nicholson*, for the defendant.

*C. H. Joyce*, for the plaintiff.

The opinion of the court was delivered by

PECK, J. In this action of general assumpsit, the plaintiff seeks to recover a balance due for labor in laying stone and brick at a certain price per yard and per thousand, as specified in a written contract with the defendant. The only question is whether the suit is properly brought in the name of the plaintiff alone, or whether Francis Pecor should have been joined as co-plaintiff. The contract was originally made between the plaintiff and Pecor of the one part, and the defendant of the other part. It was competent for the parties by parol to convert the contract into a several contract between the parties to this suit. The question is, whether what transpired after the execution of the contract has that effect, and operates to create a legal liability to the plaintiff alone, as to the unpaid balance due. The facts reported by the auditor would seem to justify the inference that when the arrangement was made by which Pecor left the work and ceased to have any interest in the contract, it *was* done by the consent of the defendant; and that thereafter both these parties considered and treated the dealings as between the defendant and the plaintiff,

the same as if Pecor had never been a party to the contract. If so, the case of *Ambler* v. *Bradley*, 6 Vt., 119, is an authority in support of this action. In that case it was held that if two joint creditors agree to divide the demand, (being a simple contract debt,) and agree that each shall receive from the debtor one half, and the debtor knowing the agreement and in pursuance of it pays one-half the debt to one of such joint creditors, it operates such a severance of the debt that the other creditor may maintain an action in his name alone for his half.

But whether the finding of the auditor is sufficiently full and explicit to justify putting the case on this ground or not, there is another ground on which the action may be sustained. It appears that the labor was to be paid for as it progressed, at least $60 a week ; and that more work had been paid for than had been performed up to the time Pecor ceased to have any interest in the contract. According to the general rule in reference to the application of payments, all the work done prior to Pecor's interest ceasing has been fully paid for. This being so, the plaintiff was the only person interested in the compensation for the labor for which he seeks to recover in this action, at the time it was performed ; and this was known to the defendant. The plaintiff is still the only person in interest in whatever he may recover. As to this part of the work performed after Pecor's interest was extinguished, *Smith* v. *Foster*, 36 Vt., 705, is in point to justify the non-joinder of Pecor as plaintiff. In that case Southwick contracted with the defendant to supply him, the defendant, with milk for a year. Before the expiration of the year Southwick sold out his property and business to Smith, and informed him of the contract with Foster, the defendant. Smith continued to cause the defendant to be supplied with milk in the same manner Southwick had. It was held that Smith could maintain an action in his own name against the defendant for milk, which he delivered within the year, although the defendant during all the time he was receiving the milk had no notice of the sale to Smith, but supposed he was receiving it of Southwick ; the defendant being allowed any defense he could have interposed had the suit been brought in the name of Southwick. In actions upon simple contract, whether

verbal or written, the action may be brought in the name of the real party in interest and from whom the consideration moved. Hence the principal may sue in his own name upon a contract, written or verbal, made by his agent with a third person, although the agent contracts in his own name, and the other party has no knowledge of the agency. In actions on sealed instruments, promissory notes and bills of exchange, the rule is otherwise. Where, however, the action is in the name of one who is the *real*, and not the *nominal* party, the other party may interpose any defense which would be available against the nominal party, which accrues before the real party is disclosed to him. With this right secured to him, he is not prejudiced by the suit being in the name of the real party, instead of the nominal party. In the case at bar the interest of Pecor was extinguished, not only before the labor for which the plaintiff claims to recover was performed, but with the knowledge and acquiescence of the defendant. The consideration moved from the plaintiff alone, and he alone is interested in the sum to be recovered, and he is properly the sole plaintiff in the action.

Judgment affirmed.