RICHARD PROUT *vs.* GRAHAM A. ROOT.

Berkshire.   September 8, 1874. — January 5, 1875.   MORTON & ENDICOTT, JJ., absent.

A mortgagee's interest in personal property in his possession, after breach of condition and before foreclosure, is not subject to attachment.

TORT against the sheriff of the county of Berkshire for the official misconduct of Horace S. Streeter, one of his deputies, in converting to his own use a span of horses, alleged to be the property of the plaintiff by virtue of a mortgage to him from one C. I. Ray. The answer set up a special property in Streeter by virtue of an attachment upon a writ in an action in which Richard Prout was defendant. Trial in the Superior Court, before *Allen*, J., who allowed a bill of exceptions in substance as follows :

The plaintiff testified that he sold the horses to Ray on December 30, 1871, and took his promissory note therefor for $330, payable on demand, with interest, and also a mortgage of the horses to secure the payment of said note ; that on the day of the sale, Ray took possession of the horses, and they remained in his

possession about five weeks, when the plaintiff demanded payment of the note of Ray, who declined to pay it, and thereupon the plaintiff demanded possession of the horses, and they were immediately surrendered to him by Ray; that the horses remained in his possession some three or four days, when they were attached by Streeter.

There was no evidence tending to prove that the plaintiff had ever given the notice of foreclosure as required by statute, or that Ray had ever offered to redeem the horses. The plaintiff put in other evidence tending to corroborate his testimony, and rested his case.

The defendant introduced evidence tending to prove that the horses were delivered up to the plaintiff by Ray, in satisfaction of the mortgage, and that the note and mortgage were fictitious, and intended to keep the horses from the reach of the plaintiff's creditors.

The defendant requested the judge to instruct the jury " that in no view of the case was the plaintiff entitled to recover, and that they must find a verdict for the defendant." The judge declined to so instruct the jury, but did instruct them, among other things not excepted to, that if the jury were satisfied from the evidence that the horses were delivered up to the plaintiff by Ray on the mortgage for the purpose of foreclosure, they were not liable to attachment upon the writ against the plaintiff while so held, and before foreclosure, and the jury must in that case find a verdict for the plaintiff. The verdict was for the plaintiff, and the defendant alleged exceptions.

*N. H. Bixby,* (*F. O. Sayles,* with him,) for the defendant.

*H. L. Dawes & J. C. Wolcott,* for the plaintiff.

COLT, J. A mortgage of personal property transfers the general property, and, in the absence of any agreement to the contrary, the immediate right of possession. The title is subject to a defeasance; but unless it has been divested by a performance of the condition, or by the exercise of the mortgagor's right to redeem, the mortgagee can alone maintain an action against a stranger for its conversion. It differs in this respect from a pledge, where only a special property passes and the general ownership remains in the pledgor. At law, and without statute intervention, the interest of the mortgagor is not liable to be

taken on execution, because it is a mere equitable interest, and where there is no legal right there can be no legal remedy *Badlam* v. *Tucker*, 1 Pick. 389, 399.

The precise question here presented is, whether the interest of a mortgagee of personal property in his possession, after breach of condition, and before foreclosure, is liable to be so taken. We are referred to no case in which the point has been distinctly passed upon by this court. In the decision of it, regard must be had to existing legislation, and to the course of adjudication with reference to similar rights of property.

There is no substantial difference, at common law, in respect to the nature of the title between a mortgage of real and a mortgage of personal property. In both, the title vests in the mortgagee, subject to be defeated by the performance of the condition. In both, upon a breach of condition, the interest becomes absolute at law; and yet it was held in the case of *Blanchard* v. *Colburn*, 16 Mass. 345, that land mortgaged could not be levied on for the debt of the mortgagee, unless he had first entered upon the same; for it was said, although to some extent the mortgagee is seised of the estate in fee simple, defeasible only by the performance of the condition or by redemption, yet within the meaning of the statutes which provide for the levy of executions, the land is treated as belonging to the mortgagor, liable to be taken in execution as his real estate subject to the mortgage. It was called a pledge for the security of a debt, which, if paid to the assignee of the debt, would discharge the mortgage and defeat any title acquired by the levy of a creditor of the mortgagee. These and other objections were declared insuperable. And again, in *Eaton* v. *Whiting*, 3 Pick. 484, and *Marsh* v. *Austin*, 1 Allen, 235, the mortgagee's interest was declared to be in fact but a chose in action, at least until entry to foreclose, and not liable to be levied on for his debts. All right of redeeming mortgaged lands had before these decisions long been subject to be taken on execution for the mortgagor's debt, and the mode of doing so pointed out by the statutes. St. 1783, *c.* 57, § 2.

The rule thus maintained as to mortgages of real estate applies with equal if not greater force to mortgages of personal property. The general property technically passes, but it passes only as needed for the security intended. It is in the nature of a

pledge. If it be for the payment of money, then it is treated but as an incident of the debt. An assignment of the mortgage carries the title to the property, and an assignment of the debt, without the mortgage, by operation of law, carries with it, in the absence of any controlling agreement or waiver of the right, an equitable lien on the property which attaches to it in the possession of the mortgagee, and all claiming title under him, with notice. *Eastman* v. *Foster*, 8 Met. 19. *New Bedford Institution for Savings* v. *Fairhaven Bank*, 9 Allen, 175. Upon payment or tender to the mortgagee of the debt secured, the title, without further formality, is revested in the mortgagor, and he may maintain replevin for it, or recover damages for its detention. Gen. Sts. *c.* 151, § 5. But what is more to the point, under our statutes, the mortgagor's interest in the property, so long as his right to redeem remains, is liable, as in the case of real estate, to be attached and taken on execution, as well after as before condition broken, and whether the property be in the possession of the mortgagee or not. Under such an attachment, the property passes into the custody of the sheriff, and there is only left to the mortgagee the right to redeem, after a demand, within a limited time, of the amount due on his mortgage. If this be paid, the possession of the attaching officer cannot be interfered with, and the mortgagee's title is ended. Gen. Sts. *c.* 123, §§ 62–71. The rights thus given by statute are inconsistent with the existence of a similar right at the same time to attach the same property in favor of the creditors of the mortgagee. It is impossible that two officers should have equal right of possession by virtue of attachments against different parties in favor of different creditors.

The conclusion is, that under our laws, so long at least as the mortgagee's interest in personal property is held by him in good faith only as security, — before it has been, in fact, applied to the satisfaction of his debt by foreclosure or otherwise, — it cannot be attached as his property. Upon this bill of exceptions, it must be taken that the plaintiff's title as mortgagee was held in good faith, with no fraudulent purpose of defeating or delaying creditors. Upon this point we must presume that proper instructions were given, and the verdict is conclusive. Nor is there any

question raised as to the true rule of damages to be applied in a case where the mortgagee's interest is applied to the payment of his own debt. *Exceptions overruled.*