Okey, J.
The objection urged by Longworth is, that no privity of contract between him and Chapin is disclosed in the petition. And the objection' is well taken. The contract is executory. It is for the performance of particular personal services by Chapin for Doran, Deniston & Bros., at a specified rate to be paid each week. Such a contract is not assignable. Metcalf on Con. 189; Burrill on Assignments (3d ed.) 130, n. (7); Grant v. Ludlow, 8 Ohio St. 1-37; Farrow v. Wilson, L. R. 4 C. P. 744. If the petition contained an averment that Chapin accepted Longworth. as employer, and released the firm, the contract would assume the character of a- novation. 2 Chitty on Con. (11th Am. ed.) 1376, n. Assent is essential, however (Ib.; Hariston v. Sale, 6 Sm. & Mar. 634), though sometimes this may be implied. Cummings v. Blaisdell, 43 Vt. 382; Ernst v. Kunkle, 5 Ohio St. 521; St. Louis v. Clemens, 42 Mo. 69. Aud see Clement v. Clement, 8 N. H. 210, in which the contract as to one of the parties was executed. True, it is averred that after the sale to Longworth, the plaintiff rendered service for him until February, 1874, in accordance with the terms of the contract with the firm, and that Longworth paid him therefor at the rate therein specified. Standing alone, this might be sufficient to render Longworth liable. McGuire v. O'Hallaran, Hill & Denio, 85. But as the petition is, in terms, against Doran, Deniston & Bros., as well as Longworth, the pleader is careful not to aver the release of the firm. And not only is there no averment that the plaintiff made a contract witb Longworth, but there is no statement that he assented, in *424 any way, to the transfer of the lathes, etc. ’ Nor, in view of the averment of existing liability of the firm, is the defect supplied by the statement that Longworth has possession of the lathes, etc.; that the plaintiff performed service and received pay from Longworth at the rate specified in the contract; that the plaiutiff tendered further service, or from his having brought suit. Nor is the defect remedied by dismissal as to the firm without prejudice.
"We are thus relieved from a consideration of the question whether the case, as between Chapin and Longworth, is within the clause of the statute of frauds as to contracts not to be performed within one year. And we need not determine whether, under the code system of pleading, the defense of the statute of frauds is available on demurrer to a petition—a question upon which the authorities are in conflict. Motion overruled.