JOHN H. RAMSDELL *vs.* JESSE B. TEWKSBURY.

Piscataquis. Opinion February 20, 1882.

*Chattel mortgage, assignment of. Replevin.*

The indorsee of a negotiable promissory note secured by a chattel mortgage which was transferred at the same time the note was indorsed but not assigned in writing, cannot maintain replevin in his own name for the mortgaged property against the mortgagor.

Replevin for a wagon. The wagon was sold by the warden of the state prison to defendant, who gave to the warden a mortgage of the wagon to secure notes given as a consideration for the sale. The warden sold and delivered the notes and mortgage to the plaintiff, indorsing the notes, but not indorsing or assigning the mortgage by any writing. The wagon itself was never delivered to the plaintiff, and was never in his possession. The ruling was that the action could not be maintained, because the mortgage had not been assigned in writing to the plaintiff, he having had a delivery of the mortgage but not of the wagon; and a nonsuit was entered upon that ground. For a decision of the point raised by the ruling the case was reported for the full court.

*J. B. Peakes*, for the plaintiff.

The mere delivery of a real estate mortgage and notes with an assignment in writing conveys no title in the land, it gives only an equitable interest, *Stanley* v. *Kempton*, 59 Maine, 472. But the same rule does not apply to mortgages of personal property because the title to that passes by a mere delivery, real or constructive.

Here warden Rice had the title to the wagon and could complete the sale to plaintiff without a delivery. *Ludwig* v. *Fuller*, 17 Maine, 162; *Webber* v. *Davis*, 44 Maine, 147; *Cartland* v. *Morrison*, 32 Maine, 190; *Parsons* v. *Dickinson*, 11 Pick. 354; *Lanfear* v. *Sumner*, 17 Mass. 113; *Stewart* v. *Hanson*, 35 Maine, 506; *Flanders* v. *Barstow*, 18 Maine, 357.

The New Hampshire court has several times held that the indorsement and delivery of the notes secured by mortgage of personal property and delivery of the mortgage passed the title to the mortgaged property. See also, 2 Burrows, 979; *Green* v. *Hart*, 1 Johnson, 589; Powell on Mortgages, 1115, 1116; *Washburn* v. *Jacobs*, Somerset Co. December term, 1876, (not reported.)

The plaintiff was subrogated to all the rights of the warden. *Smith* v. *Porter*, 35 Maine, 287.

*C. A. Everett,* for the defendant, cited: *Crain* v. *Paine*, 4 Cush. 487; 2 Hilliard, Mort. 454, 455.

VIRGIN, J. Can the indorsee of a negotiable promissory note secured by a chattel mortgage, transferred at the same time but not assigned in writing, maintain replevin for the mortgaged property in his own name against the mortgagor? Our opinion is that he cannot; but that being owner of the debt and equitable, though not legal assignee of the mortgage, he may, in the absence of any express or implied stipulation to the contrary, bring such an action in the name of the mortgagee who holds, in such case, the legal title in trust for such assignee's benefit.

The remark is quite common in the books that a mortgage of chattels vests the title thereof in the mortgagee. But an executed mortgage, even when recorded as provided by R. S., c. 91, § 1, does not convey the absolute title to the mortgagee.

In the absence of any express or implied stipulation to the contrary, he has the right of immediate possession of the mortgaged property; *Pierce* v. *Stevens*, 30 Maine, 184; and may maintain replevin therefor even before condition broken; *Pickard* v. *Low*, 15 Maine, 48; but his interest is such that before foreclosure it cannot be attached, or seized on execution; *Lincoln* v. *White*, 30 Maine, 291; *Prout* v. *Root*, 116 Mass. 410; and tender of performance of the condition, *ipso facto*, puts an end to his interest, and restores the right of immediate possession to the mortgagor, who may enforce this right by replevin and recover damages for withholding it. R. S., c. 91, § 3; stat. 1880, c. 193, § 3. The property may also be attached on a writ against the mortgagor and possession thereof taken from the mortgagee by the officer, and the mortgagee cannot interfere with it, until he has given the officer forty-eight hours written notice of the true amount due on the mortgage, nor then, nor ever after, if the amount due is tendered him within that time. R. S., c. 81, § 42. To be sure the mortgagee may assign his mortgage and sell the property to a third person, subject to the mortgagor's right of redemption; *Homes* v. *Crane*, 2 Pick. 610; and by so doing he simply sells his interest in, and not the property; but the only mode by which a mortgagee can acquire absolute title is by the statute foreclosure. R. S., c. 91, § § 3, 4 and 5.

While the mortgagee has a right of property defeasible on performance of the condition, his interest vests in him wholly by virtue of his mortgage which represents the property. If he had not taken the mortgage in the case at bar, he would have no title or interest whatever in the wagon. He sold and delivered it to the defendant for an agreed price and accepted the negotiable note in payment therefor. The sale was thereby consummated and the defendant thereby acquired the absolute title. The defendant then having the full title, mortgaged the wagon to secure the payment of the note. This act conveyed to the mortgagee and his assigns a conditional title, a title subject to the condition subsequent, which would ripen into an absolute title after breach of the condition and foreclosure.

The note in nowise had any effect upon the title to the wagon. Its office was limited to that of payment of the consideration

given for the wagon; and the assignment or indorsement of it could not affect the legal title to the wagon it was given to pay for. The title resting in the mortgage, nothing but an assignment of the mortgage could transfer the legal title of the mortgagee to the assignee.

The statute contemplates an assignment and a record thereof where the mortgage itself is recorded. R. S., c. 91, § § 3, 4. It could not be recorded unless in writing. The assignment is for the benefit of all parties; to inform the mortgagor and his voluntary or involuntary assigns to whom tender shall be made for redemption; and to relieve the mortgagee of all trouble after he has parted with his interest.

The assignment of the debt, as held by all the authorities, gave to the assignee an equitable interest at least in the mortgage, the mortgagee holding it in trust for the holder of the debt. Such equitable interests are protected by the courts of law, and may be enforced in the name of the party holding the legal as distinguished from the equitable title. *Vose* v. *Handy*, 2 Maine, 322 ; *Robbins* v. *Bacon*, 3 Maine, 346, 349.

We are sustained by the opinion of WILDE, J., who said : "The delivery of a note of hand, or other chose in action, to an assignee, for a valuable consideration, without an assignment in writing, is a valid assignment in equity, which courts of law will take notice of and protect. And the assignment of a mortgage of personal property by delivery stands on the same footing and is entitled to the same protection. By such an assignment, however, the legal estate did not pass to the plaintiff, and this action could not be maintained in his own name, before the assignment in writing; yet he might maintain an action for conversion of the property so equitably assigned in the name of the assignor, which action" the assignor "would have had no right to discharge." *Crain* v. *Paine*, 4 Cush. 483, 487. And also by that of COLT, J., who, speaking of a personal property mortgage, said : "An assignment of the mortgage carries the title to the property, and an assignment of the debt without the mortgage, by operation of law, carries with it, in the absence of any controlling agreement or waiver of the right, an equitable lien

on the property which attaches to it in the possession of the mortgagee." *Prout* v. *Root*, 116 Mass. 410, 413.

The case of *Smith* v. *Porter*, 35 Maine, 287, is not in conflict with the foregoing.

We are aware that there are numerous authorities holding a different doctrine, but we adhere to the doctrine held here and in Massachusetts.

*Plaintiff nonsuit.*

APPLETON, C. J., BARROWS, PETERS, LIBBEY and SYMONDS, JJ., concurred.