By the Court.
The sole question here is whether, under the contract set forth in the petition, Banks & Brothers, in view of the admitted facts contained in the statement of the case, have a right to publish vols. 41 and 42 Ohio State Reports. In holding that they have such right we will simply state our conclusions.
1. The assignment of the contract by H. W. Derby & Co. to Banks & Brothers, and the acts of the state in accepting the latter in place of the former as contractors, operated as a complete novation, so that Banks & Brothers assumed the *274 obligations and acquired the rights of H. W. Derby & Co., under the contract. Ernst v. Kunkle, 5 Ohio St. 521; Bacon v. Daniel, 37 Ohio St. 279; St. Louis v. Clemens, 42 Mo. 69; Cumminqs v. Blaisdell, 43 Vt. 382; 2 Chitty on Con. 11 Am. ed. 1376, n.
2. The contract, which provided not only for the publication of vol. 38 Ohio State Eeports, but “any other subsequent volumes of the Ohio reports that may be ready for publication within two years from the 23d day of June, 1882,” must be construed in view of the statutes and resolution relating to the matter. Eev. Stats. §§ 427-437; 78 Ohio L. 14; 79 Ohio L. 249; Jewett v. Railw. Co., 34 Ohio St. 607; Alber v. Froehlich, 39 Ohio St. 245, 249.
3. So construed, the contract embraces vols. 41 and 42 Ohio State Eeports; for, before Juno 23, 1884, manuscript opinions properly prepared, sufficient in quantity to make several forms of sixteen pages each of printed matter, for each of those volumes, had been placed by the proper authority in the hands of Banks & Brothers as part of the matter for the publication of those volumes ; and before June 23, 1884, Banks & Brothers had placed in type several of such forms of each volume, and had made sub-contracts for printing and binding both volumes entire; and it is not necessary, in order that those volumes should be embraced by the contract, that manuscripts sufficient to complete either of them should have been prepared before June 23,1884 ; nor is it essential that it should be made to appear that the reporter, when he placed such manuscripts in the hands of Banks & Brothers, believed there would be opinions sufficient in number delivered before June 23, 1884, fully to complete the volumes or either of them.
4. In favor of the acts of such a public officer as a reporter' of the supreme court, it will be presumed that in placing the manuscripts in the hands of Banks & Brothers for publication of vols. 41 and 42, Ohio State Reports, he demeaned himself honestly and faithfully (Ward v. Barrows, 2 Ohio St. 241; Coombs v. Lane, 4 Ohio St. 112; Lima v. McBride, 34 Ohio St. 338, 350; 1 Bishop’s Cr. Pro. § 1131); and there is nothing *275 to show that Banks & Brothers had knowledge as to the quantity of manuscript in the hands of the reporter when they comménced the publication of those volumes, or proceeded, in undertaking such publication, otherwise than in entire good faith.
5. The publication of vols. 41 and 42 having thus been lawfully commenced, the reporter cannot be permitted to stop the publication by placing a changed, and, as we hold, erroneous construction on the contract and the statutes and resolution ; and-mandamus is an appropriate remedy in such case to compel the delivery of the remaining portion of the, manuscript.
6. Where the material facts, upon an application for mandamus, are admitted, and the plaintiff is entitled to relief, this court should award, not an alternative, but a peremptory writ of mandamus. Rev. Stats. § 6745.
We are clear that Banks & Brothers are entitled to the relief for which they applied, by a fair construction of the contract and the legislation ; and in so holding we are glad to see, what is manifest from the record, not only that the contract is greatly to the advantage of the state, but that vexatious delay in the publication of those volumes will be avoided.

Peremptory writ awarded.

JOHNSON, C. J., dissented.