MARGARET MURPHY *vs.* FREDERICK D. GALLOUPE.

Bristol.  Oct. 27. — Nov. 26, 1886.  DEVENS & W. ALLEN, JJ., absent.

The interest of a mortgagee in personal property mortgaged to him is not subject to attachment; and such interest cannot be made attachable, by joining the mortgagor and mortgagee as defendants in an action upon a joint debt.

TORT for the conversion of certain machinery, tools, and goods. The defendant, a United States deputy marshal, justified under a writ against Daniel H. Murphy, Dennis F. Murphy, and Patrick E. Burke, copartners, and the present plaintiff, by virtue of which he attached and held the property in question. Trial in the Superior Court, without a jury, before *Thompson*, J., who allowed a bill of exceptions, in substance as follows:

Said writ issued from the Circuit Court of the United States, was dated December 21, 1885, and was returnable on May 15, 1886. The attachment was made on December 22, 1885.

Daniel H. Murphy, Dennis F. Murphy, and Patrick E. Burke, as copartners, carried on the business of manufacturing jewelry at North Attleborough. On September 25, 1885, they mortgaged said machinery, tools, and goods to the plaintiff, to secure notes which were payable on demand. At the time of said attachment, the mortgagee had not foreclosed said mortgage nor taken possession of said property, but the same was in the possession of the mortgagors. On December 23, 1885, the plaintiff made a demand in writing on the defendant, setting forth the amount of her claim; but the defendant did not surrender to the plaintiff any portion of said property, nor pay or tender any part of the sum claimed within ten days after said demand.

The plaintiff put in an auditor's report in her favor, and rested. The defendant offered no evidence, but, upon the above evidence, requested the judge to rule that the defendant had the right to attach the goods, and to hold them by virtue of said attachment; and also moved for a nonsuit.

The judge declined so to rule; and found for the plaintiff. The defendant alleged exceptions.

*B. Wadleigh*, for the defendant.

*H. J. Fuller*, (*Chester A. Reed* with him,) for the plaintiff.

MORTON, C. J. It is settled in this Commonwealth, that the interest of a mortgagee in personal property mortgaged to him is not subject to attachment. *Prout* v. *Root*, 116 Mass. 410. By our statutes, the mortgagor's interest is liable to be attached and taken on execution, if the attaching creditor pays the mortgagee the amount for which the property is liable to him within ten days after due demand. Pub. Sts. *c.* 161, § 74. If the same is not paid or tendered, the attachment is dissolved. Pub. Sts. *c.* 161, § 75.

The interests of the mortgagor and of the mortgagee in the mortgaged property are not joint, like the interest of partners; they have separate and adverse interests, and a plaintiff cannot, by joining them as defendants, in a suit upon a joint debt, enlarge the statutes of attachment, and make the interest of the mortgagee attachable. In the case at bar, it follows that the attachment made by the defendant was a valid attachment of the interest of the mortgagors only. As the defendant, upon due demand being made, failed to pay or tender the debt due the mortgagee and secured by the mortgage, his attachment was dissolved, and the mortgagee is entitled to maintain this action.

*Exceptions overruled.*