The Kingsland & Ferguson Manufacturing Company, Appellant, v. Joseph Chrisman *et al.*, Respondents.

. Kansas City Court of Appeals, December 24,. 1887.

1. Replevin—Action of by Assignee of a Note Secured by Chattel Mortgage.—The assignee of a note, secured by chattel mortgage, without an assignment of the mortgage itself, can maintain, in his own name, the action of replevin for the recovery of the possession of the mortgaged property. The assignment of the note carries the mortgage with it, notwithstanding that it may not be a legal transfer of the mortgage. The debt and the security are inseparable, and cannot reside at the same time in different parties ; and he who controls the debt also controls the mortgage.

2. Practice—Action by Beneficiary—Construction of Section 3462, Revised Statutes.— Under the statute (Rev. Stat., sec. 3462) and decisions of this state, where there is an equitable assignment of the thing, the beneficiary may maintain the action in his own name.

Appeal from DeKalb Circuit Court, Hon. Joseph P. Grubb, Judge.

*Reversed and remanded.*

, Statement of case by the court.

This is an action in replevin for the recovery of the possession of certain personal property. The facts are as follows : On the fourth day of May, 1884, one W. C. Everett sold to one Stephen Gaucher the property in controversy, for which Gaucher executed to Everett his promissory note. To secure this note, Gaucher executed, on the same day, a chattel mortgage on the property to Everett. Before the maturity of the note, Everett assigned the same, by writing his name on the back thereof and delivering it to one Sheldon, for a valuable consideration ; and, thereafter, and before the maturity of the note, said Sheldon, in the same manner, assigned

the note to plaintiff, for a valuable consideration. By the terms of the mortgage, the mortgageor was to retain the possession of the mortgaged property until default in paying the note. After the maturity of the note, the debt being unpaid, the defendants were in possession of the property mortgaged. How they acquired this possession does not appear. In their answer they pleaded ownership. At the trial the plaintiff, after proof of the foregoing facts, rested. Thereupon the defendants demurred to the evidence. The court sustained the demurrer, and plaintiff has appealed.

W. S. HERNDON, for the appellant.

I. Under the decisions of the Supreme Court of this state, a mortgage given to secure a note is regarded as incident to the note, and passes with it to every holder at the time he receives it, without any transfer or assignment distinct or separate from the paper it is given to secure. *Johnson v. Johnson*, 81 Mo. 336; *McQuie v. Peay*, 58 Mo. 50; *Bank v. Mastin*, 61 Mo. 435; *Pickett v. Jones*, 63 Mo. 195.

II. A mortgagee of personal property is entitled to the possession after condition broken. *Bowens v. Benson*, 57 Mo. 26. The transfer of the debt and mortgage by Everett to Sheldon, and the transfer of the same to the plaintiff by said Sheldon, made the plaintiff the "real party in interest," and suit was properly brought in the name of plaintiff. Rev. Stat., sec. 3462.

III. The taking of the non-suit by the plaintiff, with leave to move to set the same aside, was not a failure " to prosecute its action with effect and without delay" until after four days after taking the same had elapsed, or until the end of the term. Rev. Stat., secs. 3854 and 3707.

S. H. CORN, for the respondents.

I. The execution of the chattel mortgage vested in Everett the legal title to the mules, and the right to possession on default of payment. *Robinson v. Campbell*,

8 Mo. 365, 315; *Dean v. Davis*, 12 Mo. 112; *Lacy v. Gibony*, 36 Mo. 320; *Pace v. Pierce*, 49 Mo. 393; *Bowens v. Benson*, 57 Mo. 26.

II. The rights of the assignee of a note, secured by mortgage, to the mortgaged property, are equitable only, and not legal. He has the right to have the lien enforced for his benefit, but he acquires no right to the possession of property, whether personal or real. *Anderson v. Bumgartner*, 27 Mo. 86; *Mitchel v. Laden*, 36 Mo. 533.

III. After the assignment of the note, the mortgagee held the legal title in trust for the benefit of the holder. A trustee may bring ejectment or replevin; the *cestui que trust* cannot. The plaintiff, in this case, not having the legal title, cannot maintain this action. Jones on Chattel Mortgages (2 Ed.) sect. 503, and cases there cited; *France v. Thomas*, 86 Mo. 80; *Siemers v. Schrader*, 88 Mo. 20.

IV. Section 3462, of the Revised Statutes, was not intended to confer on the "real party in interest" all the remedies of the persons through whom he derived his interest; he may enforce his rights through such remedies as he may have by a suit in his own name.

V. The court did not err in assessing damages and entering judgment against the securities in the replevin bond within four days after the non-suit was taken. An unsuccessful trial is a "failure to prosecute with effect," and, if we had not made our judgment final, plaintiff could not have had the pleasure of coming to the court.

PHILIPS, P. J.—This case presents the single question, can the assignee of a debt, secured by chattel mortgage, without an assignment of the mortgage itself, maintain, in his own name, the action of replevin for the recovery of the possession of the mortgaged property? The court below held that he could not.

At first impression this question seemed easily answered. But in the absence of any direct adjudication by our Supreme Court, I find it, on examination of

the authorities, by no means free from embarrassment. There is no question of the general proposition, that the assignment of the note carried the mortgage with it. The debt is the principal thing; the mortgage, which is but the security, is the mere incident of the debt; and on the maxim, *omne principale, trahet ad se accessorium*, where the debt goes the mortgage follows. But the courts say that this following of the mortgage after the debt, where only the debt is formally assigned, is but an equitable assignment as to the mortgage, and not a legal transfer. Thus Richardson, J., in *Anderson v. Baumgartner* (27 Mo. 86), said: "The doctrine is well settled that the transfer of a deed carries with it *in equity* the mortgage as a security." In *Tisen v. People's Ass'n* (57 Ala. 331), Brickell, C. J., said: "An assignee of the debt would *in equity* pass the mortgage." And likewise, Wilde, J., in *Crain v. Pain* (4 Cush. 485), treats the transfer of the mortgage as an incident of the debt, as an equitable transfer. Accordingly, Jones, in his work on Chattel Mortgages, section 503, asserts the doctrine to be, that: "The mortgagee's legal interest does not pass by his assignment of the debt. Such assignee cannot maintain replevin in his own name for the mortgaged property; though he may, in the absence of any express or implied stipulation to the contrary, bring such action in the name of the mortgageor, who holds, in such case, the legal title in trust for such assignee's benefit." In support of the text, the case of *Ransdall v. Tewksbury* (73 Me. 197) is cited. The case fully sustains the proposition. The argument is, that the interest of the mortgagee in the property vests solely by virtue of the mortgage, which represents the property. Had no mortgage been taken he would have no title or interest whatever in the property. The note in nowise had any effect upon the title to the property. The whole office of the note being limited to the payment of the consideration for the property sold by the mortgagee to the mortgageor, the assignment of the note could not affect the title to the property it was given to

pay for. The assignment of the debt gave to the assignee an equitable interest, at least, in the mortgage, the mortgagee holding it in trust for the benefit of the holder of the debt. Such equitable interests are protected by the courts of law, and may be enforced in the name of the party holding the legal, as distinguished from the equitable, title. This seems to be the holding in Massachusetts and Alabama. *Crane v. Pain, supra; Prout v. Root,* 116 Mass. 410; *Graham v. Rogers,* 21 Ala. 498; see, also, *Harman v. Barhytt,* 31 N. W. Rep. 488, and note.

Most of the cases, which I have been able to find, where the assignee was allowed to maintain the action in his own name, is where the mortgage itself was assigned in writing. In such case the assignee, without question, holds the legal title. In *Langdon v. Buel* (9 Wend. 80), the action was trespass *de bonis asportatis,* brought in the name of Langdon, who was the mortgagee, but who had previously transferred the note, secured by the mortgage, to one Pitcher. Spencer, C. J., said : "A mortgagee of personal property, upon the failure of the mortgageor to perform the condition of the mortgage, acquires an absolute title to the chattel. The notes which this mortgage was given to secure appear to have been assigned or transferred to one Pitcher. When they were so transferred does not appear * * * Did not the mortgage pass with the notes as incident to them, and should not the action have been brought in the name of Pitcher instead of Langdon ? I do not perceive how such conclusion is to be resisted. A mortgage of real or personal estate is but an accessory or incident to the debt, or the security which is given as the evidence of the debt. The assignment of the security passes the interest in the mortgage. The mortgage cannot exist as an independent debt. If, by special agreement, it does not accompany the security assigned, it is, *ipso facto,* extinguished, and ceases to be a subsisting demand. If the notes were endorsed or assigned to Pitcher before they became due and before the mort-

gage was forfeited, the inchoate interest of the mortgagee must have passed with them. If the transfer of the notes was after they fell due and subsequent to the forfeiture of the mortgage, then the assignment operated as a transfer of the interest of the mortgagee, Langdon, whatever it might have been, in the mortgaged chattel ; and in either aspect the action of trespass should have been brought in the name of Pitcher."

In *Woodruff v. King* (47 Wis. 261), the action was replevin by an assignee of the debt ; and his right to maintain the action passed unchallenged by counsel and court, with the observation, that the note being negotiable, and in the hands of the plaintiff, was presumptive evidence of ownership ; " and the transfer of the note carried with it the mortgage security," citing *Rice v. Cribb* (12 Wis. 182), in which it is said : " The transfer of the notes carries with them the interest in the mortgage."

In *Crow, McCrery & Co. v. Vance* (4 Ia. 440–441) the court say : " It is the settled doctrine in equity, that the assignment of a promissory note, secured by mortgage, carries the mortgage with it ; and the assignee may maintain an action upon it in his own name, to enforce the lien. Mortgages are not considered as conveyances of land, within the statute of frauds. The right of the mortgagee is a mere chattel interest inseparable from the debt it is intended to secure, and transferable by a mere assignment of the debt, without deed or writing. The debt is the principal thing. The right of the mortgagee in the land is an incident of the debt, and ceasing when the debt is discharged. This doctrine rests upon the well-established principles of courts of equity, which, under circumstances closely analogous, entitle a surety, who pays the debt, to every remedy which the creditor has against the principal debtor to enforce every security and all means of payment. By the assignment of the debt, the assignee is entitled to use all the remedies the assignor might have used, to enforce the lien of the mortgage against the

debtor." See, also, *Furbank v. Goodman*, 5 N. H. 450.

It seems to stand to reason that, as the debt and the security are inseparable, so they cannot reside at the same time in different parties, and he who controls the debt also controls the mortgage, the assignee of the debt should acquire the same rights and have the same remedies, both as to the debt and the security, which the mortgagee—his assignor—had at the time of the transfer, or the maturity of the debt had he then held it. It is the well-settled law that the mortgagee, after the maturity of the debt, has three independent remedies open to him, which he may pursue successively. He may reduce his debt to judgment against the mortgageor, or foreclose the mortgage and sell the property, or bring action for the recovery of the possession. That the assignee of the debt may pursue in his own name the first two remedies no court questions. Why, then, make a distinction as against the third remedy, and as to that break the unity of right and remedy? The only answer made is, that the mortgage is only equitably assigned. The same objection, it occurs to me, might with equal force be alleged against the foreclosure proceeding in the name of the assignee. It is conceded, in *Ramsdell v. Tewksbury* (*supra*), that such equitable interest may be enforced in a possessory action in the name of the assignor—the mortgagee—to the use of the assignee. Our practice act (sect. 3465) provides that, "every action shall be prosecuted in the name of the real party in interest," allowing to administrators, executors, and trustees of express trusts the right of action in their names. I am unadvised as to whether a corresponding provision exists in the statutes of Maine, and those states maintaining the doctrine in *Ramsdell v. Tewksbury*. But I understand that one of the very objects in the enactment of this provision of the code was to obviate the useless form of employing the name of an assignor in an action, who had no real interest in the subject-matter of litigation, and who, when the judgment was obtained in his name,

would hold the same in trust for the benefit of the real party in interest.

In *City of St. Louis to use v. Rudolph* (36 Mo. 465) the plaintiff sued as assignee of certain tax bills issued by the city to Ursula Buol. The court said: "Her assignment of the bill may be regarded as an assignment of the cause of action, and it vested in him the whole equitable interest in the demand. He thus became the real party in interest."

In *Edgell v. Tucker* (40 Mo. 531) the court again seem to recognize the principle that, where there is an equitable assignment of the thing, the beneficiary may maintain the action, quoting from Tindall, C. J., in *Crowfort v. Gurney* (9 Bing. 372): "These circumstances amount to an equitable assignment of the debt due from Gurney to Streather, for Solly might have gone into a court of equity to compel a formal assignment, and no answer could have been given to such an application."

Certainly, where a court of equity would compel the depositary of the naked legal title to assign the instrument to the assignee, under our code, he must be the real party in interest. And it does seem to me that the spirit and object of the statute will be best expressed and executed in allowing this plaintiff to proceed in his own name, immediately, to enforce his possessory right under the mortgage, rather than to compel him either to resort to the circumlocution of a bill in equity to compel an assignment of the legal title, or to bring replevin in the name of the mortgagee.

The cases to which counsel for respondents refer in his brief are mainly instances of deeds of trust on real estate made to a trustee. In such case the legal title is vested in the trustee, mutually selected by the parties as such depositary, to hold in trust for both parties. His is a naked power, not transferable, and he alone can maintain action for the possession. *Pickens v. Jones*, 63 Mo. 199; *Siemers v. Schrader*, 84 Mo. 20–23; *Meyers v. Hale*, 17 Mo. App. 205.

It follows that the judgment of the circuit court is reversed and the cause remanded. All concur.